MORGAN, LEWIS & BOCKIUS LLP
Jason S. Mills, Bar No. 225126
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501
jason.mills@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
David J. Rashe, Bar No. 318400
600 Anton Boulevard, Suite 1800
Costa Mesa, California 92626-7653
Tel: +1.830.0600
Fax: +1.830-0700
david.rashe@morganlewis.com

Attorneys for Defendants
YRC INC. dba YRC FREIGHT and
JIM REDINGTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MALIK SHAKUR,

Plaintiff,

vs.

YRC FREIGHT, an entity of unknown capacity, JIM REDINGTON, RICARDO SIMMONS, GILBERT JONES, CHARLES BURICAGA, JAMES MOORE, LENNY McGEE, AND DOES 1 to 100, INCLUSIVE,

Defendants.

Case No.

[Los Angeles County Superior Court Case No. 20STCV41778]

**DEFENDANTS YRC INC. DBA YRC FREIGHT AND JIM REDINGTON'S NOTICE OF REMOVAL PURSUANT TO 29 U.S.C. § 185 [LMRA PREEMPTION], 28 U.S.C. § 1331 [FEDERAL QUESTION], 28 U.S.C. § 1441(a) [ORIGINAL JURISDICTION], and 28 U.S.C. § 1367 [SUPPLEMENTAL JURISDICTION]**

Complaint Filed: October 30, 2020

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1441(c) and pursuant to 29 U.S.C. § 185, Defendants YRC INC. dba YRC FREIGHT ("YRC"), erroneously sued as YRC FREIGHT, and JIM REDINGTON hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California. This removal is based on the following grounds:

## I. PROCEDURAL BACKGROUND

1. On October 30, 2020, Plaintiff Malik Shakur ("Plaintiff") filed an unverified complaint ("Complaint") in the Superior Court of the State of California, Los Angeles County, entitled *Malik Shakur v. YRC Freight, an entity of unknown capacity, Jim Redington, Ricardo Simmons, Gilbert Jones, Charles Buricaga, James Moore, Lenny McGee, and DOES 1 to 100, inclusive,* Case No. 20STCV41778 (the "State Court Action"). For purposes of this Notice of Removal, defendants Jim Redington, Ricardo Simmons, Gilroy Jones (erroneously sued as Gilbert Jones), Charles Burciaga (erroneously sued as Charles Buricaga), James Moore, and Lenny McGee are collectively referred to as the "Individual Defendants."

2. Plaintiff served the Complaint on YRC on January 4, 2021. Through substituted service, Plaintiff served the Complaint on Defendant Jim Redington on January 14, 2021 and, on information and belief, mailed a copy of the Summons and Complaint by first class mail to Jim Redington on January 15, 2021. A copy of the Summons and Complaint served on YRC and Jim Redington is attached as **Exhibit A**.

3. As of the date of this Notice of Removal, YRC and Jim Redington are not aware of Plaintiff serving the remaining Individual Defendants. Those named as defendants but not yet served in the state court action need not join the notice of removal. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (overruled, in part, on other grounds); *Cucci v. Edwards*, 510 F. Supp. 2d 479, 484 (C.D. Cal. 2007) (stating Ninth Circuit's rule of joinder vis-à-vis unserved defendants).

4. Plaintiff's Complaint alleges four causes of action against YRC and the Individual Defendants for: (1) discrimination/retaliation in violation of the Americans with Disabilities Act ("ADA") and California Fair Employment and Housing Act ("FEHA"); (2) wrongful termination in violation of public policy; (3) breach of an implied-in-fact contract; and (4) breach of a collective bargaining agreement. Plaintiff asserts each cause of action against YRC and each of the Individual Defendants.

5. On February 2, 2021, YRC and Jim Redington answered Plaintiff's Complaint in the State Court Action with a general denial under Section 431.30(d) of the California Code of Civil Procedure, and asserting their affirmative defenses. A copy of this Answer is attached as **Exhibit B**.

6. Together, Exhibits A and B constitutes all process, pleadings, and orders served on or by YRC and Jim Redington in the State Court Action.

## II. THE REMOVAL IS TIMELY AND APPROPRIATE

7. This Notice of Removal is timely, pursuant to 28 U.S.C. section 1446(b), because it is filed within 30 days of Plaintiff's service of the Summons and Complaint on YRC and Jim Redington. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day period for removal runs from the service of the summons and complaint).

8. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

9. Removal is appropriate because this Court has original federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), as further discussed below.

**III. FEDERAL QUESTION JURISDICTION EXISTS**

10. This is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. § 1441(a).

11. Federal question jurisdiction exists under 28 U.S.C. § 1331 where the Complaint asserts a claim "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "The most familiar definition of 'arising under' jurisdiction is that of Justice Holmes: 'A suit arises under the law that creates the cause of action.'" *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1394 (9th Cir. 1988) (citations omitted) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). "When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court." *Id.* Furthermore, the presence or absence of federal question jurisdiction is governed by the "well-pleaded" complaint rule: federal jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

12. Here, the face of Plaintiff's Complaint sets forth two federal questions upon which this Court has original jurisdiction: (1) alleged discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and (2) federal preemption under the Labor Management Relations Act ("LMRA").

**A. The Complaint Alleges Violation of a Federal Statute, Namely the Americans with Disabilities Act**

13. Under his First Cause of Action, Plaintiff alleges discrimination and retaliation in violation of the ADA, a federal statute. *See* Exh. A, Complaint, ¶¶ 6, 8-13. Specifically, the Complaint alleges that this action is "brought pursuant to the **Americans with Disabilities Act, Title 42, United States Code § 12101 et seq**., . . . which prohibit[s] discrimination against a person in the terms, conditions and privileges or employment on the basis of the employee's physical disabilities and/or medical condition or conditions." *Id*. ¶ 6 (emphasis in original). Because claims arising under federal statutes such as the ADA confer federal question jurisdiction, this Court has original jurisdiction of this Action pursuant to 28 U.S.C. § 1331. *See, e.g.*, *U.S. v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005) ("As a general matter, federal courts have subject matter jurisdiction over civil actions 'arising under the Constitution, laws, or treaties of the United States.'"); *Barraclough v. ADP Automotive Claims Servs., Inc.*, 818 F. Supp. 1310, 1311-12 (N.D. Cal. 1993) (denying Plaintiff's motion to remand ADA claim removed based on federal question jurisdiction regardless of the merits of that claim).

**B. The Federal Labor Management Relations Act Preempts Plaintiff's Claim for Breach of a Collective Bargaining Agreement**

14. Section 301 of the Labor Management Relations Act ("LMRA") vests original jurisdiction in the United States District Courts over all suits arising out of a collective bargaining agreement ("CBA"). Consequently, federal labor law that has developed from Section 301 completely preempts and displaces any competing state law claims. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 657 (1965). Courts are "required by federal preemption doctrine" to recharacterize complaints that omit reference to Section 301 or the LMRA because "principles of federal

labor law are involved [that] supersede state . . . law theories" alleged in the complaint. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).[1]

15. Specifically, Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). The United States Supreme Court has consequently held that Section 301 of the LMRA preempts employment claims brought under state law where those claims involve rights created or governed by a CBA. *See Franchise Tax Bd. of State of Calif. v. Laborers Vacation Trust for So. Calif.*, 463 U.S. 1, 23 (1983) ("Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301."). Accordingly, the LMRA authorizes a body of federal common law that completely displaces state law claims that arise out of a CBA with federal claims establishing removal jurisdiction. *Id.*

16. Here, Plaintiff's Fourth Cause of Action is for breach of the CBA that governed his employment with YRC. He alleges that his "representatives entered into a collective bargaining agreement" on his behalf, that YRC and the Individual Defendants "failed and refused to perform pursuant to the terms of the agreement," and that YRC and the Individual Defendants breached the CBA by terminating his employment. *See* Exh. A, Complaint, ¶¶ 25-27.

17. Because Plaintiff's Fourth Cause of Action – a breach of contract claim that would otherwise exist independently under state law – is based on a

[1] While YRC and Jim Redington deny all of the allegations in the Complaint, this Court nevertheless has original jurisdiction over this entire action under 28 U.S.C. section 1331 as the issues raised directly implicate questions of federal law, and removal is therefore appropriate under 28 U.S.C. § 1441(a).

CBA, it is preempted by the LMRA and provides a federal question upon which this action may be removed under 28 U.S.C. § 1331.

## IV. PLAINTIFF'S WRONGFUL TERMINATION CLAIM IS ALSO PREEMPTED UNDER THE LMRA

18. Rights that exist independently of the CBA are also preempted under § 301 of the LMRA if the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). The "preemptive force of section 301 is so powerful as to displace entirely . . . any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc*., 830 F.2d 993, 997 (9th Cir.1987). This is because "the policy in favor of national uniformity in labor law is so powerful that it displaces state law with respect to claims involving the interpretation or enforcement of [a CBA]." *Associated Builders & Contrs. v. Local 302 IBEW*, 109 F.3d 1353, 1356-57 (9th Cir. 1997).

19. Here, Plaintiff's First Cause of Action for discrimination and retaliation and Second Cause of Action for wrongful termination in violation of public policy substantially depend on an analysis of the CBA's provisions regarding the grounds and procedures for termination. The applicable CBA contains a detailed procedure for employee terminations and the resolution of employment-related grievances, which the Court must interpret in determining whether YRC discriminated against and/or wrongfully terminated Plaintiff's employment. *See, e.g.*, *Saxe v. Cast & Crew Payroll, LLC*, 2015 WL 4648041, at *7 (C.D. Cal. Aug. 4, 2015) (finding that the LMRA preempted the plaintiff's wrongful termination claim because a court must interpret the CBA to determine whether the employer exercised the right not to renew the employment term under the CBA); *Scott v. Machinists Auto. Trades Dist. Lodge No. 190 of N. Cal.*, 827 F.2d 589, 594 (9th Cir. 1987) (holding that state-law claims are preempted when

they "arise out of the employee's discharge or the conduct of the defendants in the investigatory proceedings leading up to the discharge"); *Bald v. Kuakini Med. Ctr.*, No. CV 15-00525 RLP, 2017 WL 2117400, at *3 (D. Haw. Apr. 10, 2017) (holding that intentional infliction of emotional distress claim arising out of an alleged wrongful termination was preempted because court must analyze CBA's terms governing termination "to determine if Defendant's actions in terminating Plaintiff were unreasonable").

## V. THE COURT ALSO HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CAUSE OF ACTION

20. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over *all other claims* that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (emphasis added). Claims form part of the same case or controversy when they arise from a "common nucleus of operative fact" such that "considerations of judicial economy, convenience, and fairness to litigants" support a single adjudication. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725-26 (1966).

21. Here, Plaintiff's First Cause of Action for discrimination and retaliation under the ADA (which confers federal question jurisdiction to this Court), Second Cause of Action for wrongful termination in violation of public policy (which is separately preempted under the LMRA), Third Cause of Action for breach of an implied-in-fact contract of employment, and Fourth Cause of Action for breach of a CBA (which is separately preempted under the LMRA) are all based on the same common nucleus of operative fact, i.e., the circumstances surrounding the end of Plaintiff's employment and whether he was wrongfully terminated due to the alleged discriminatory and retaliatory acts of YRC and the Individual

Defendants. As set forth above, this Court has original federal question jurisdiction over Plaintiff's First Cause of action (brought under the ADA and preempted by the LMRA), Second Cause of Action (preempted by the LMRA), and Fourth Cause of Action (Fourth Cause of Action).

22. Because the Court has original jurisdiction over these three causes of action, the Court may exercise supplemental jurisdiction over Plaintiff's Third Cause of Action for alleged breach of an implied-in-fact contract of employment, which arises from a common nucleus of operative fact as those other claims. *See* 28 U.S.C. § 1367(a); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 n.3 (2003) ("[A] state claim can . . . be removed through the use of the supplemental jurisdiction statute . . . provided that another claim in the complaint is removable."); *Hernandez v. Pac. Mar. Ass'n*, 379 Fed. Appx. 668, 671 (9th Cir. 2010) (holding that LMRA preemption of "at least some" of the state law claims resulted in district court's proper supplemental jurisdiction under 28 U.S.C. § 1367(a) "over the balance of the claims"); *Saxe*, 2015 WL 4648041, at *8-9 (finding that preempted wrongful termination claim arose from same nucleus of operative facts as non-preempted discrimination claims under FEHA). Even if the Court finds that the LMRA does not preempt Plaintiff's breach of contract claim or wrongful termination claim, those claims and the related breach of an implied-in-fact contract claim are brought in the same complaint with the federal ADA claim. As these claims, like the ADA claim, relate to Plaintiff's employment relationship with YRC and whether Plaintiff's alleged termination was lawful, they are sufficiently related to the federal ADA claim to form part of the same case or controversy for removal purposes. Therefore, pursuant to 28 U.S.C. § 1367(a), this Court may properly exercise supplemental jurisdiction over Plaintiff's state law claims.

## VI. VENUE

23. This action was originally filed in the Superior Court for the County of Los Angeles. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## VII. NOTICE

24. YRC and Jim Redington will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

25. If any question arises as to the propriety of the removal of this action, YRC and Jim Redington request the opportunity to present a brief and oral argument in support of their position that removal is appropriate.

Dated: February 3, 2021

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Jason S. Mills
Jason S. Mills
David J. Rashe
Attorneys for Defendants
YRC Inc. DBA YRC Freight and
Jim Redington

# PROOF OF SERVICE

***Shakur, Malik v. YRC Freight, et al.***
***Los Angeles Superior Court Case No. 20STCV41778***

I am a resident of the State of California and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626.

On February 3, 2021, I served a copy of the within document(s):

**DEFENDANTS YRC INC. DBA YRC FREIGHT AND JIM REDINGTON'S NOTICE OF REMOVAL PURSUANT TO 29 U.S.C. § 185 [LMRA PREEMPTION], 28 U.S.C. § 1331 [FEDERAL QUESTION], 28 U.S.C. § 1441(a) [ORIGINAL JURISDICTION], and 28 U.S.C. § 1367 [SUPPLEMENTAL JURISDICTION]**

[ X ] **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ] **BY E-FILE:** the parties listed below were served electronically using the Court's electronic service provider **ONE LEGAL** with the document(s) listed above by e-mailed PDF files on February 3, 2021. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626. My e-mail address is brandy.george@morganlewis.com.

[ ] **BY ELECTRONIC SERVICE**: the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on February 3, 2021. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626. My e-mail address is brandy.george@morganlewis.com.

**LAW OFFICE OF RUSSELL F. BEHJATNIA**
Russell Behjatnia, Esq.
14401 Gilmore Street, Suite 100
Van Nuys, CA 91401
Telephone: 818.779.8888
Facsimile: 818.779.8860

*Attorney for Plaintiff*
MALIK SHAKUR

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 3, 2021, at Costa Mesa, California.

[ ] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

*/s/ Brandy George*
Brandy George