# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/30/2020 01:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

| | **SUM-100** |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** YRC FREIGHT, an entity of unknown
*(AVISO AL DEMANDADO):* capacity, JIM REDINGTON, RICARDO
SIMMONS, GILBERT JONES, CHARLES BURICAGA, JAMES
MOORE, LENNY McGEE, AND DOES 1 to 100, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:** MALIK SHAKUR
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
111 N. Hill Street
111 N. Hill Street
Los Angeles, CA 90012-3117

**CASE NUMBER:**
*(Número del Caso):*
20STCV41778

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Russell F. Behjatnia, SBN 172289          818-779-8888     818-779-8860
Law Offices of Russell F. Behjatnia
14401 Gilmore St., Suite 100          Sherri R. Carter Executive Officer / Clerk of Court
Van Nuys, CA 91401

DATE: 10/30/2020          Clerk, by _____ R. Clifton _____, Deputy
*(Fecha)*                 *(Secretario)*                                  *(Adjunto)*

---

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

---

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Electronically FILED by Superior Court of California, County of Los Angeles on 10/30/2020 01:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Clifton, Deputy Clerk

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Monica Bachner

1  LAW OFFICES OF RUSSELL F. BEHJATNIA
   Russell Behjatnia, Esq.
2  State Bar Number: 172289
   14401 Gilmore Street, Suite 100
3  Van Nuys, California    91401

4  Telephone: (818) 779-8888
   Facsimile:   (818) 779-8860
5
6  Attorney for Plaintiff:  MALIK SHAKUR

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF LOS ANGELES, CENTRAL DISTRICT COURTHOUSE

10

11  MALIK SHAKUR,                          ) Case No.:  20STCV41778
                                           )
12            Plaintiff,                    ) COMPLAINT FOR:
                                           )
13  vs.                                     )
                                           ) WRONGFUL TERMINATION,
14  YRC FREIGHT, an entity of unknown      ) RETALIATION AND DISCRIMINATION
    capacity, JIM REDINGTON, RICARDO       ) UNDER THE AMERICANS WITH
15  SIMMONS, GILBERT JONES, CHARLES        ) DISABILITIES ACT AND OTHER
    BURICAGA, JAMES MOORE, LENNY           ) STATUTES, RULES AND
16  McGEE, AND DOES 1 to 100, INCLUSIVE,)  REGULATIONS
                                           )
17            Defendants.                   )
                                           )
18                                          )
                                           )
19  _____ )

20        Plaintiff MALIK SHAKUR, complains of defendants YRC FREIGHT, JIM REDINGTON,

21  RICARDO SIMMONS, GILBERT JONES, CHARLES BURICAGA, JAMES MOORE, LENNY

22  McGEE, and each of them, as follows:

23                          GENERAL ALLEGATIONS

24        1.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as

25  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious

26  names.  Plaintiff is informed and believes and therefore alleges that each of the defendants

27  designated herein as DOE is legally responsible in some manner for the events and

28  happenings herein referred to and caused injury and damages proximately thereby to plaintiff

                                    -1-

                          COMPLAINT FOR DAMAGES

                    MALIK SHAKUR vs. YRC FREIGHT, et al.

1   as herein alleged. Plaintiff will amend this complaint to allege their true names and capacities

2   when ascertained.

3        2. Plaintiff is informed and believes, and thereon alleges, that at all times herein

4   concerned, defendants, and each of them, were the agents, servants and employees of each

5   of the other defendants, and each of them, and at all times herein alleged were acting within

6   the course and scope of said agency and employment. All acts by defendants and each of

7   them, were ratified by each and every corporate, municipal and/or public entity defendant,

8   jointly and severally.

9       3. Plaintiff, MALIK SHAKUR is, and at all times herein mentioned was, an individual

10   residing in the City of Beverly Hills, County of Los Angeles, State of California, and was

11   employed by defendants YRC FREIGHT and each of them. During plaintiff MALIK SHAKUR'S

12   employment with defendants, and each of them, plaintiff, at all times performed his duties

13   under the scope of his employment in an exemplary manner.

14       4. Defendants JIM REDINGTON, RICARDO SIMMONS, GILBERT JONES, CHARLES

15   BURICAGA, JAMES MOORE, LENNY McGEE, DOE ONE, DOE TWO, and DOE THREE

16   are, and at all times herein mentioned were, individuals, residing in the County of Los

17   Angeles, State of California, and were acting in a supervising position over plaintiff during his

18   employment with defendants YRC FREIGHT and each of them.

19       5. At all times herein mentioned defendants, YRC FREIGHT, DOE FOUR, DOE FIVE,

20   AND DOE SIX, were, and now are, partnerships, business organizations and/or professional

21   corporations the form and capacity of which are presently unknown to plaintiff. Plaintiff is

22   informed and believes that said defendants and each of them, are duly organized and existing

23   under and by virtue of the laws of the State of California who managed, regulated,

24   supervised, operated, and controlled certain business organizations and agencies. These

25   defendants and each of them were, and continue to be, licensed, empowered, commissioned

26   or otherwise authorized to do business and were doing business in the City of Gardena,

27   County of Los Angeles, State of California. At all times herein mentioned defendant YRC

28   FREIGHT'S principal place of business, was, and is, 15400 S. Maine Street, Gardena

-2-

**COMPLAINT FOR DAMAGES**

**MALIK SHAKUR vs. YRC FREIGHT, et al.**

1  California 90248.

2      6. This action among other things, is brought pursuant to the **Americans with**

3  **Disabilities Act**, **Title 42, United States Code § 12101 et seq.**, **California Fair**

4  **Employment Practices Act**, **California Government Code §12940(a)**, which prohibit

5  discrimination against a person in the terms, conditions and privileges of employment on the

6  basis of the employee's physical disabilities and/or medical condition or conditions. At all

7  times herein mentioned defendants, YRC FREIGHT, and each of them, employed well over

8  one hundred [100] individuals, placing them, as employers, within federal and state

9  regulatory provisions, including, but not limited to **California Government Code §12900 et**

10  **seq.**

11      7. Defendants YRC FREIGHT, JIM REDINGTON, RICARDO SIMMONS, GILBERT

12  JONES, CHARLES BURICAGA, JAMES MOORE, LENNY McGEE, and each of them, at all

13  times were made aware, and knew of plaintiff MALIK SHAKUR'S physical disabilities and

14  medical condition(s) and intended at all times to discriminate against plaintiff's employment

15  due to his physical disabilities and/or medical condition(s).  Defendants YRC FREIGHT, JIM

16  REDINGTON, RICARDO SIMMONS, GILBERT JONES, CHARLES BURICAGA, JAMES

17  MOORE, LENNY McGEE, and each of them, also intended to, and did retaliate against

18  plaintiff as herein alleged.

19                          **FIRST CAUSE OF ACTION**

20                          **Against All defendants**

21      8. Plaintiff realleges the allegations set forth in paragraphs 1 through 7, inclusive, of the

22  GENERAL ALLEGATIONS, and incorporates same as though fully set forth hereat.

23      9. At all times relevant hereto, plaintiff was entitled to protection from discrimination in

24  the workplace, and from retaliation in the workplace. Defendants YRC FREIGHT, JIM

25  REDINGTON, RICARDO SIMMONS, GILBERT JONES, CHARLES BURICAGA, JAMES

26  MOORE, LENNY McGEE, and each of them, were under a mandatory, statutory duty to

27  refrain from discriminating against any of its employees, including, but not limited to, plaintiff,

28  based on the physical disabilities and/or medical condition(s) of the employee. Defendants

                                    -3-

---

**COMPLAINT FOR DAMAGES**

**MALIK SHAKUR vs. YRC FREIGHT, et al.**

1 | YRC FREIGHT, JIM REDINGTON, RICARDO SIMMONS, GILBERT JONES, CHARLES
2 | BURICAGA, JAMES MOORE, LENNY McGEE, and each of them, were under a mandatory,
3 | statutory duty not to retaliate or discriminate against plaintiff due to his disabilities or any other
4 | reason.

5 |     10. On, before, and after October 30, 2018, plaintiff MALIK SHAKUR was performing
6 | his job functions within the scope of his employment in an exceptional, outstanding and
7 | exemplary fashion.  Irrespective of this fact, defendants YRC FREIGHT, JIM REDINGTON,
8 | RICARDO SIMMONS, GILBERT JONES, CHARLES BURICAGA, JAMES MOORE, LENNY
9 | McGEE, and each of them,  deliberately, intentionally and maliciously engaged in a plan and
10 | scheme to falsely denigrate disparage and deprecate plaintiff's work performance so that it
11 | would pretentiously appear that plaintiff was not performing his job in an adequate and
12 | standard manner. The reason for the indecorous and repugnant conduct of defendants and
13 | each of them, was to discriminate against plaintiff based on his physical disabilities and
14 | medical condition(s). The conduct of defendants was also being perpetrated as retaliation
15 | against plaintiff.

16 |     11. On or about October 30, 2018, based on the employment discrimination and
17 | retaliation as set forth herein, plaintiff MALIK SHAKUR was terminated from his employment
18 | by defendants YRC FREIGHT, JIM REDINGTON, RICARDO SIMMONS, GILBERT JONES,
19 | CHARLES BURICAGA, JAMES MOORE, LENNY McGEE, and each of them.

20 |     12. As a result of the wrongful termination and discrimination perpetrated by
21 | defendants and each of them, plaintiff MALIK SHAKUR has suffered damages which include,
22 | but are not limited to substantial losses of earning and other employment benefits, in an
23 | amount to be determined according to proof at time of trial. Plaintiff has also suffered
24 | humiliation, embarrassment, as well as mental and emotional distress and discomfort.

25 |     13. Defendants YRC FREIGHT, JIM REDINGTON, RICARDO SIMMONS, GILBERT
26 | JONES, CHARLES BURICAGA, JAMES MOORE, LENNY McGEE, and each of them acted
27 | with oppression, fraud and malice, thus entitling plaintiff to an award of exemplary and
28 | punitive damages against defendants and each of them, in an amount according to proof at

-4-

**COMPLAINT FOR DAMAGES**

**MALIK SHAKUR vs. YRC FREIGHT, et al.**

1    time of trial.

2                        **SECOND CAUSE OF ACTION**

3                           **Against All defendants**

4        14. Plaintiff realleges the allegations set forth in paragraphs 1 through 7, inclusive, of

5    the GENERAL ALLEGATIONS, and incorporates same as though fully set forth hereat.

6        15. On or about October 30, 2018, in violation of public policy prohibiting retaliation and

7    discrimination as set forth herein, plaintiff was wrongfully terminated from his employment by

8    defendants YRC FREIGHT, JIM REDINGTON, RICARDO SIMMONS, GILBERT JONES,

9    CHARLES BURICAGA, JAMES MOORE, LENNY McGEE, and each of them.

10       16. As a result of the wrongful termination and discrimination perpetrated by

11   defendants and each of them, plaintiff MALIK SHAKUR has suffered damages which include,

12   but are not limited to substantial losses of earning and other employment benefits, in an

13   amount to be determined according to proof at time of trial. Plaintiff has also suffered

14   humiliation, embarrassment, as well as mental and emotional distress and discomfort.

15       17. Defendants YRC FREIGHT, JIM REDINGTON, RICARDO SIMMONS, GILBERT

16   JONES, CHARLES BURICAGA, JAMES MOORE, LENNY McGEE, and each of them acted

17   with oppression, fraud and malice, thus entitling plaintiff to an award of exemplary and

18   punitive damages against defendants and each of them, in an amount according to proof at

19   time of trial.

20                        **THIRD CAUSE OF ACTION**

21                           **Against All defendants**

22       18. Plaintiff realleges the allegations set forth in paragraphs 1 through 7, inclusive, of

23   the GENERAL ALLEGATIONS, and incorporates same as though fully set forth hereat.

24       19. Based upon plaintiff's employment work records, evaluations, reports, revealing

25   positive reviews by defendants and each of them, as well as the employment policies of

26   defendants and others in the same business and industry as defendants, and the length of

27   employment of plaintiff by defendants and each of them, an implied-in-fact contract existed

28   between plaintiffs and defendants. Said implied-in-fact contract required defendants and each

                                    −5−

1   of them only terminate plaintiff for good cause.

2        20. On or about October 30, 2018, without any good cause, plaintiff was wrongfully

3   terminated from his employment by defendants YRC FREIGHT, JIM REDINGTON, RICARDO

4   SIMMONS, GILBERT JONES, CHARLES BURICAGA, JAMES MOORE, LENNY McGEE,

5   and each of them.

6        21.   Plaintiff has performed fully on all of the terms and conditions, covenants and

7   promises on his part to be performed in accordance with the terms and conditions of the

8   implied in fact agreement.

9        22.   Defendants and each of them have deliberately failed and refused to perform

10  pursuant to the terms of the implied in fact agreement, and have at all times, intended to

11  retaliate and discriminate against plaintiff.

12       23.   As a result of defendants egregious, willful and intentional breaches of the implied

13  in fact Agreement as herein alleged, plaintiff has been damaged in an amount according to

14  proof at time of trial.

15  **FOURTH CAUSE OF ACTION**

16  **Against All defendants**

17       24. Plaintiff realleges the allegations set forth in paragraphs 1 through 7, inclusive, of

18  the GENERAL ALLEGATIONS, and incorporates same as though fully set forth hereat.

19       25.   Plaintiff's representatives entered into a collective bargaining agreement of

20  employment, whereby defendants agreed that plaintiff would not be demoted, disciplined,

21  discharged, and/or terminated from his employment except for good cause and with an

22  opportunity to be challenge any claim of any reason defendants may allege exists for his

23  demotion, discipline, discharge and/or termination of his employment. It was further agreed

24  that defendants, and each of them, would only evaluate and act on plaintiff's job performance

25  in a fair and objective manner, and would not create or falsify evaluations for the purpose of

26  creating a false and feigned reason to discipline demote, discharge and/or terminate plaintiff.

27       26. Defendants and each of them have deliberately failed and refused to perform

28  pursuant to the terms of the agreement, and have at all times, intended to retaliate and

−6−

**COMPLAINT FOR DAMAGES**

**MALIK SHAKUR vs. YRC FREIGHT, et al.**

1  discriminate against plaintiff.

2      27. As a result of defendants egregious and intentional breaches of the Agreement as

3  herein alleged, plaintiff has been damaged in an amount according to proof at time of trial.

4      WHEREFORE, plaintiff MALIK SHAKUR, prays for Judgment against defendants

5  YRC FREIGHT, JIM REDINGTON, RICARDO SIMMONS, GILBERT JONES, CHARLES

6  BURICAGA, JAMES MOORE, LENNY McGEE, and each of them, as follows:

7  FIRST CAUSE OF ACTION

8    1. For general damages in an amount according to proof at time of trial;

9    2. For special damages, including lost wages and benefits, in an amount according to

10      proof at time of trial;

11    3. For Compensatory damages including lost wages, and benefits in an amount

12      according to proof at time of trial

13    4. For prejudgment and post-judgment Interest according to law;

14    5. For reinstatement of MALIK SHKUR to his position of employment with defendant

15      at a rate of compensation commensurate with all reasonable raises in salary and

16      pay as though plaintiff was never wrongfully terminated;

17    6. For exemplary and punitive damages in an amount according to proof at time of

18      trial;

19    7. For reasonable attorney's fees;

20    8. For costs of suit incurred;

21    9. For such further and other relief as the court may deem necessary and proper.

22  SECOND CAUSE OF ACTION

23    1. For general damages in an amount according to proof at time of trial;

24    2. For special damages, including lost wages and benefits, in an amount according to

25      proof at time of trial;

26    3. For Compensatory damages including lost wages, and benefits in an amount

27      according to proof at time of trial

28    4. For prejudgment and post-judgment Interest according to law;

-7-

**COMPLAINT FOR DAMAGES**

**MALIK SHAKUR vs. YRC FREIGHT, et al.**

5. For reinstatement of MALIK SHAKUR to his position of employment with defendant at a rate of compensation commensurate with all reasonable raises in salary and pay as though plaintiff was never wrongfully terminated;

6. For exemplary and punitive damages in an amount according to proof at time of trial;

7. For reasonable attorney's fees;

8. For costs of suit incurred;

9. For such further and other relief as the court may deem necessary and proper.

THIRD CAUSE OF ACTION

1. For general damages in an amount according to proof at time of trial;

2. For special damages, including lost wages and benefits, in an amount according to proof at time of trial;

3. For Compensatory damages including lost wages, and benefits in an amount according to proof at time of trial

4. For prejudgment and post-judgment Interest according to law;

5. For reinstatement of MALIK SHAKUR to his position of employment with defendant at a rate of compensation commensurate with all reasonable raises in salary and pay as though plaintiff was never wrongfully terminated;

6. For exemplary and punitive damages in an amount according to proof at time of trial;

7. For reasonable attorney's fees;

8. For costs of suit incurred;

9. For such further and other relief as the court may deem necessary and proper.

FOURTH CAUSE OF ACTION

1. For general damages in an amount according to proof at time of trial;

2. For special damages, including lost wages and benefits, in an amount according to proof at time of trial;

3. For Compensatory damages including lost wages, and benefits in an amount

-8-

**COMPLAINT FOR DAMAGES**

**MALIK SHAKUR vs. YRC FREIGHT, et al.**

according to proof at time of trial

4. For prejudgment and post-judgment Interest according to law;

5. For reinstatement of MALIK SHAKUR to his position of employment with defendant at a rate of compensation commensurate with all reasonable raises in salary and pay as though plaintiff was never wrongfully terminated;

6. For reasonable attorney's fees;

7. For costs of suit incurred;

8. For such further and other relief as the court may deem necessary and proper.

DATED: October 30, 2020                                    Respectfully submitted,

By_____

RUSSELL F. BEHJATNIA, ESQ.
Attorney for Plaintiff
MALIK SHAKUR

—9—

**COMPLAINT FOR DAMAGES**

**MALIK SHAKUR vs. YRC FREIGHT, et al.**