UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-1013-MWF (RAOx)  **Date:** October 26, 2022
**Title:**    Malik Shakur v. YRC Inc. et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                    Court Reporter:
Rita Sanchez                     Not Reported

Attorneys Present for Plaintiff: Attorneys Present for Defendant:
None Present                     None Present

**Proceedings (In Chambers):** ORDER DISMISSING ACTION WITHOUT PREJUDICE

Before the Court is Defendant YRC, Inc.'s ("YRC") Motion for Terminating Sanctions (the "Motion"), filed on September 28, 2022. (Docket No. 73). No Opposition was filed.

The Motion was noticed to be heard on October 31, 2022. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearings were therefore **VACATED** and removed from the Court's calendar.

Plaintiff's failure to oppose the Motion is a sufficient reason to grant it. Local Rule 7-12; *see also Livewirecyber, Inc. v. Lee*, No. CV 17-00645-AB (ASx), 2019 WL 8230827, at *3 (C.D. Cal. Dec. 27, 2019) (citing *AT&T Intellectual Prop LL, L.P. v. Toll Free Yellow Pages Corp.*, No. CV 09-5707-PSG (PJWx), 2010 WL 11526743, at *1 (C.D. Cal. Aug. 25, 2010) (granting motion for terminating sanctions under Local Civil Rule 7-12 because of non-moving party's failure to timely oppose the motion). The Motion is also granted on the merits for all of the reasons stated in the Motion.

The procedural background of this action clearly demonstrates that terminating sanctions are warranted, as detailed below. Plaintiff's most recent violation of the Court's directives is emblematic of a well-established pattern of disregard for the Court's orders and refusal to participate in the discovery process. The Court summarizes the pertinent background.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-1013-MWF (RAOx)            **Date:** October 26, 2022
**Title:** Malik Shakur v. YRC Inc. et al.

      Plaintiff Malik Shakur commenced this action on February 3, 2021. (Complaint (Docket No. 1)). On April 5, 2021, the Court granted Plaintiff's request to substitute in as pro se in place of his former counsel Russell F. Behjatnia. (Docket No. 14). The Court also stayed the action and ordered Plaintiff to file a status report on or before May 14, 2021, informing the Court of whether he would proceed pro se or retain new counsel. (Docket No. 16). Plaintiff did not file the status report, and he remains pro se in this action. (*See generally* Docket).

      On May 21, 2021, the Court lifted the stay and ordered the parties to meet and confer and prepare and file a Joint Rule 26(f) Report. (Docket No. 17). The Court also ordered Plaintiff to show cause why this action should not be dismissed for lack of prosecution as to Defendants Ricardo Simmons, Gilbert Jones, Charles Buricaga, James Moore, and Lenny McGee, because it did not appear that Plaintiff had served these Defendants. (*Id.*).

      On June 11, 2021, Defendants Jim Redington and YRC filed a status report informing the Court that Plaintiff refused to meet and confer with Defendants regarding the Rule 26(f) Report. (*See* Docket No. 18). According to Defendants, Plaintiff stated that he is in bad health and he did not indicate an intent to participate in this action until his health improves. (*Id.*).

      In response, on June 24, 2022, the Court dismissed the Action without prejudice pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute the case and comply with the Court's Order. (Docket No. 19 at 2) ("***Plaintiff has now failed to comply with three direct orders from this Court***, and the Court cannot manage the Docket without Plaintiff's compliance.") (emphasis added).)

      Plaintiff filed a Motion for Reconsideration on July 22, 2021. (Docket No. 20.) On August 16, 2021, the Court granted Plaintiff's motion, reinstated the case, and directed Plaintiff to file a status report indicating whether he would proceed *pro se* by October 15, 2021. (Docket No. 22). After several extensions, the parties filed a Joint Rule 26(f) Report, which confirmed Plaintiff's pro se status. (Docket No. 41).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-1013-MWF (RAOx)            **Date:** October 26, 2022
**Title:** Malik Shakur v. YRC Inc. et al.

      On December 2, 2021, this Court issued an order setting July 29, 2022, as the deadline for the parties to complete non-expert discovery. (Docket No. 43, at 2). On February 11, 2022, YRC served Plaintiff with: (1) a Notice of Deposition noticing Plaintiff's deposition for April 1, 2022; and (2) Defendant's Requests for Production of Documents, Set One (the "RFPs"), which included 22 document requests seeking the production of documents related to Plaintiff's claims and YRC's defenses. (Declaration of Daniel Saunders ("Saunders Decl.") Exs. A, B).

      After many unsuccessful meet and confer efforts, YRC filed a Motion to Compel Discovery and Impose Sanctions Against Plaintiff (the "Motion to Compel") for his failure to appear for a deposition and respond to the RFPs. (Docket No. 65). Plaintiff did not oppose or otherwise respond to the motion. (Docket No. 69).

      On August 17, 2022, the Magistrate Judge granted YRC's Motion to Compel as to the requested discovery, ordering Plaintiff to respond to the RFPs by September 16, 2022, and appear for a deposition by October 17, 2022, and directing the parties to meet and confer as soon as practicable. (Docket No. 70). The Magistrate Judge warned that violations of that order may lead to sanctions such as dismissal of this action. (*Id.* at 3).

      Plaintiff did not provide responses and production to YRC's RFPs by September 16, 2022, as directed by the Order, nor did Plaintiff ever seek an extension of that deadline. (Saunders Decl., Ex. K ¶ 14 & Ex. G at 2). To date, despite YRC's many good-faith efforts to meet and confer, Plaintiff has not responded to the RFPs, produced any documents, or provided his availability to be deposed. (*Id.* ¶ 14).

      On September 22, 2022, YRC filed a version of this Motion with Magistrate Judge Oliver and served the Motion and related papers on Plaintiff. (*Id.* ¶ 15). In response, YRC finally heard back from Plaintiff, but rather than explain why he had failed to respond to any of YRC's previous communications or confirm his intention of participating in discovery at any point in the future, Plaintiff stated he intends to file a motion to remand "next week," that he is "unable to discern why [YRC] continues to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-1013-MWF (RAOx) | **Date:** October 26, 2022 |
| **Title:** Malik Shakur v. YRC Inc. et al. | |

file motions," that his mental and physical health have declined, and that he is "unsure how [YRC] expect[s] [him] to be able to participate in a deposition or discovery hearing." (*Id.* ¶¶ 15-16 & Ex. L). Plaintiff has yet to file any motion to remand or respond to any of YRC's discovery requests.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted here. As aptly stated by YRC:

> Plaintiff has persistently failed to meet Court deadlines, participate in the discovery process, or otherwise prosecute his case. Plaintiff's disregard of Court orders has already led on one occasion to the dismissal of this action; although this Court reinstated the action on Plaintiff's motion for reconsideration, Plaintiff failed to reform his conduct even when given that second chance. Most recently, on August 17, 2022 – after YRC was forced to move to compel discovery from Plaintiff – . . . Magistrate Judge Oliver, ordered Plaintiff to produce documents responsive to YRC's discovery requests by September 16, 2022, and to appear for his deposition by October 17,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 21-1013-MWF (RAOx) | **Date:**  October 26, 2022 |
| **Title:**       Malik Shakur v. YRC Inc. et al. | |

> 2022 (the "Order").  In her Order, Magistrate Judge Oliver cautioned Plaintiff that his failure to comply may result in sanctions including dismissal of the action.  Despite this clear warning, Plaintiff failed to respond to any of YRC's communications regarding the Order (including four telephone calls, three emails and one letter sent and signed for via Federal Express), has not provided written responses or produced a single document responsive to YRC's RFPs, and has refused to indicate his availability to be deposed.

(Motion at 6).

In sum, Plaintiff has now failed to comply with four direct orders from this Court, and the Court cannot manage its docket without Plaintiff's compliance.

Accordingly, the action is **DISMISSED** *without prejudice*.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.